UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE MUNDONGO MANUNGA, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> JUDGE LORRAINE J. MUNOZ, ) <br> ) <br> Respondent. ) <br> ) | CASE NO. CV 13-3051 AG (RZ) <br><br> ORDER SUMMARILY DISMISSING HABEAS ACTION WITHOUT PREJUDICE |

    The Court will dismiss this 28 U.S.C. § 2241 habeas action summarily because the Court lacks jurisdiction to entertain its challenge to Petitioner's removal. Petitioner also has not yet exhausted her administrative remedies as required prior to filing.

    Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (which Rules apply to this Section 2241 case as well, *see* Rule 1(b), Rules Governing Section 2254 Cases) provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

    Petitioner is a Congolese national who challenges her prospective removal. On March 12, 2013, an immigration judge (IJ) ordered her removed and denied her attendant requests for asylum, deferral or withholding of removal. (These and other background facts are apparent from Petitioner's exhibits, but the Court cannot cite them

meaningfully because they are not labeled.) On April 9, her request for release on bond was denied. She now challenges the IJ's decisions on several grounds.

With certain exceptions not applicable here, district courts lack subject matter jurisdiction to review removal decisions. Since the enactment of the REAL ID Act of 2005, the only means of judicial review of an order of removal is "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5). Subsection (b)(9) of the same statute makes clear that all legal and factual challenges relating to removal orders are cognizable only in such a Court of Appeals petition, not in a habeas proceeding under 28 U.S.C. § 2241 or any other challenge. 8 U.S.C. § 1252 requires dismissal of this action for lack of jurisdiction.

Even if this case had arrived before the REAL ID Act stripped the district courts of jurisdiction, the Court would dismiss this particular action anyway. Petitioner has not yet exhausted the administrative remedies available to her before filing suit, as required by 8 U.S.C. § 1252(d). *See Sun v. Ashcroft*, 370 F.3d 932, 939 (9th Cir. 2004). Exhaustion requires the petitioner to present an appeal to the Board of Immigration Appeals. *See id.* at 944 n.18 (court lacks jurisdiction to review claims that the petitioner could have presented to the BIA but did not). Here, Petitioner's order of removal was entered on March 12. One of the exhibits to the petition is her Notice of Appeal from that order, signed on March 17. She obviously has not yet exhausted her administrative remedies.

For the foregoing reasons, the Court DISMISSES this action without prejudice.

DATED: May 27, 2013

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE